IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| IN RE:<br><br>SHAYNE BERTELSEN | Cause No. CV 22-57-GF-BMM<br><br>ORDER |

Shayne Bertelsen has again filed documents with this Court, which purport to challenge his state court conviction and sentence. He asks the Court to "open up" the federal courts for hearings and remedies and lift stays that were previously imposed, beginning in 2017. See, (Doc. 1 at 1, 3.) Bertelsen again asserts he is innocent of Incest. He asks this Court to relieve him of his state sentence and initiate criminal charges against various individuals involved in his state prosecution. *Id*. at 2-3. Bertelsen also requests an "extraordinary remedy," specifically that he be transferred to a facility closer to Great Falls so that he may be "processed…and [get] ready for court hearings." (Doc. 2 at 1.)

This Court is very familiar with Bertelsen. His procedural filing history has been set forth in great detail in prior orders of the Court and will not be repeated herein. Undeterred, Bertelsen continues to file similar challenges to his state court conviction and sentence. All of his prior federal habeas petitions have been

1

dismissed.[1]  Additionally, despite his own claims to the contrary, the Court found Bertelsen failed to make a compelling showing of actual innocence that would excuse the default of his claims.  See, *Bertelsen v. Dunhop et al.*, CV-21-102-GF-BMM, Or. at 4-5 (D. Mont. Feb. 17, 2022).

Similarly, the claims contained in Bertelsen's civil rights complaint filed under 42 U.S.C. § 1983 were addressed and dismissed.  See, *Bertelsen v. Dunhop et al.*, Cause No. CV-21-124-GF-BMM, Or. (D. Mont. April 4, 2022).  Bertelsen has been advised that he may not keep filing documents in his closed cases and the clerk of Court has been directed to discard Bertelsen's continued filings.[2]

In addition to the instant matter, Bertelsen continues to file documents by mail or have his mother, Durene, hand-deliver documents to the Court.  These filings are duplicative in nature and repeat claims that this Court has already denied or dismissed.  Aside from the instant matter, Bertelsen has no active matters pending and none of his federal cases have been stayed.

---

[1] See, *Bertelsen v. State*, CV-17-48-GF-BMM, Or. (D. Mont. July 10, 2017)(dismissed as unexhausted); *In re: Bertelsen*, CV-19-20-GF-BMM, Or. (D. Mont. April 9, 2019) (dismissed as unexhausted); *Bertelsen v. Attorney General*, Cause No. CV-20-39-GF-BMM, Or. (D. Mont. June 30, 2020) (dismissed as unexhausted); *Bertelsen v. Dunhop et al.*, Cause CV-21-102-GF-BMM, Or. (D. Mont. Feb. 17, 2022)(dismissed as unexhausted and procedurally defaulted).

[2] See e.g., *Bertelsen v. Dunhop et al.*, Cause No. CV-21-124-GF-BMM, Or. (D. Mont. May 2, 2022); see also, *Bertelsen v. Dunhop et al.*, CV-21-102-GF-BMM, Or. (D. Mont. May 2, 2022); *Bertelsen v. Attorney General*, CV-20-39-GF-BMM, Or. (D. Mont. April 14, 2022).

There is no relief that this Court may provide to Bertelsen. When an individual is in custody pursuant to a state court judgment, 28 U.S.C. § 2254, provides the only habeas remedy for any challenge to his detention, regardless of the nature of such challenge. *White v. Lambert,* 370 F. 3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F. 3d 546 (9th Cir. 2010)(en banc). Generally, a petitioner has only one full and fair opportunity to challenge a state court judgment of conviction, absent very limited circumstances. See e.g., *U.S. v. Barrett*, 178 F. 3d 34, 57 (1st Cir. 1999);[3] see also, 28 U.S.C. § 2244(b) (prohibiting the filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)(district court lacks jurisdiction to hear a second or successive petition absent authorization from the Circuit Court). As set forth above, Bertelsen had his opportunity to challenge his 2017 conviction; he failed to demonstrate actual innocence with newly discovered evidence. Similarly, because Bertelsen has neither open cases nor upcoming hearings before this Court, there is no basis upon which to order his transfer to another facility.

---

[3] "There is only one bite at the post-conviction apple unless a second or successive petition can show one of two things: a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or newly discovered evidence sufficient to establish by clear and convincing evidence, on the whole record, that no reasonable factfinder would have returned a guilty verdict. A claim of actual innocence—defined as factual innocence, not mere legal insufficiency—will have a mechanism for review."

Until Bertelsen obtains authorization from the Ninth Circuit to file in this Court, under 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to hear this petition or any future filings. *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam). Bertelsen's abuse of the writ and unnecessary use of this Court's time and resources must come to an end.

This matter is dismissed. Absent authorization from the Ninth Circuit to file a second and/or successive petition, no further filings from Bertelsen challenging his 2017 state court conviction will be accepted.

A certificate of appealability is denied because there is no doubt this Court lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice. See, 28 U.S.C. § 1631.

Accordingly, IT IS HEREBY ORDERED as follows:

1. This matter is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

2. To the extent that Bertelsen's Notice (Doc. 2) is construed as a motion for transfer, the request is DENIED.

3. Unless Bertelsen contemporaneously provides an authorization from the Circuit permitting a second/successive petition, the Clerk of Court shall accept no further filings from Bertelsen challenging his 2017 state court conviction. If no authorization is provided, future documents from Bertelsen will be discarded by

the Clerk and will not be considered by the Court.

    3. The Clerk of Court is directed to return the documents submitted by

Bertelsen and his mother in June of 2022 to Bertelsen.[4]

    4. A certificate of appealability is DENIED.

    5. This action is CLOSED. No further documents may be

    filed.

    DATED this 1st day of August, 2022.

_____
Brian Morris, Chief District Judge
United States District Court

---

[4] By prior order of the Court, documents submitted by Bertelsen in closed matters were directed to be discarded. See e.g., *Bertelsen v. Dunhop et al.*, CV-21-102-GF-BMM, Or. (D. Mont. May 2, 2022). Out of an abundance of caution, these documents have been retained in the pro se department.